IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

| | |
|---|---|
| GENE COGGINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | 3:07cv405-MHT |
| STATE OF ALABAMA, ALABAMA ) | |
| DEPARTMENT OF REVENUE, ) | |
| and CHAMBERS COUNTY, ) | |
| ) | |
| Defendants. ) | |

### ORDER

This lawsuit is now before the court on a motion to proceed in forma pauperis filed by plaintiff Gene Coggins pursuant to 28 U.S.C. § 1915.

It is well established that a two-step procedure should be followed in processing a complaint filed pursuant to 28 U.S.C. § 1915.  "First, the district court should determine whether the plaintiff satisfies the economic eligibility criterion under [28 U.S.C. §] 1915(a)[(1)].  Upon a finding of economic

justification, the court should allow the complaint to be docketed without prepayment of fees."[1] <u>Woodall v. Foti</u>, 648 F.2d 268, 271 (5th Cir. June 16, 1981) (per curiam); <u>see also</u> <u>Procup v. Strickland</u>, 760 F.2d 1107, 1114 (11th Cir. 1985).[2]  Second, once leave has been granted, this provision allows the district court to dismiss the complaint prior to service of process if

---

1. Section 1915(a)(1) provides:

   "Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.  Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress."

2. In <u>Bonner v. Prichard</u>, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

it determines the complaint "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief," 28 U.S.C. § 1915(e)(2)(B)(i)-(iii), and thus the court may "spare the defendant the inconvenience and expense of answering a frivolous complaint."[3] Woodall, 648 F.2d at 271. The motion filed by plaintiff satisfies the economic eligibility criteria of § 1915(a)(1).

---

3. Section 1915(e)(2)(B)(i) & (iii) provides:

> "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief."

Accordingly, the complaint may be filed without prepayment of fees.

The court is, however, of the view that this cause should be dismissed without prejudice pursuant to § 1915(e)(2)(B)(i)-(iii).  Coggins includes in his list of defendants the State of Alabama and the Alabama Department of Revenue, which are immune from suit under the eleventh amendment.  <u>Hans v. Louisiana</u>, 134 U.S. 1 (1890).

In addition, it appears that Coggins is requesting that this court review the actions of state courts. However, the state appellate courts, the Alabama Supreme Court, and ultimately the United States Supreme Court, not a federal district court, are the only bodies that can correct any error of law that may have been made by a state trial court.  <u>See</u> <u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462 (1983); <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413 (1923).

The court is concerned that the complaint therefore fails to state a claim over which this court has jurisdiction, and should be dismissed before service on the defendants pursuant to § 1915(e)(2)(B)(i)-(iii).  See Neitzke v. Williams, 490 U.S. 319 (1989); Denton v. Hernandez, 504 U.S. 25, 112 (1992).

Accordingly, it is ORDERED as follows:

(1) That plaintiff Gene Coggins's motion to proceed in forma pauperis (doc. no. 2) is granted to the extent that plaintiff Coggins's complaint is filed without prepayment of fees; and

(2) That plaintiff Coggins shall show cause, if any there be, in writing by May 25, 2007, as to why this lawsuit should not to be dismissed without prejudice pursuant to 28 U.S.C. § 1915 (e)(2)(B)(i)-(iii).

DONE, this the 15th day of May, 2007.

    /s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE